**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RICHARD T. HEIT**                                                                                          **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA, ET AL.**                                                                **NO. 08-0826-FJP-DLD**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 7, 2009.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RICHARD T. HEIT**                                                        **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA, ET AL.**                                     **NO. 08-0826-FJP-DLD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The pro se petitioner, Richard T. Heit, a pre-trial detainee previously confined at the Vermillion Parish and St. Helena Parish Jails, complains that he was arrested at his home on June 17, 2008, and was thereafter confined without notice of the charges pending against him, without arraignment, and without a preliminary examination, all in violation of his constitutional rights.

Upon a review of the petitioner's application, and upon it appearing to the Court that the petitioner may have failed to exhaust state court remedies with regard to his claims as mandated by 28 U.S.C. § 2254(b) and (c), the Court entered an Order, rec.doc.no. 6, directing the petitioner to appear and show cause, in writing, within twenty (20) days of the date of the Order, why his application should not be dismissed for failure to exhaust state court remedies.  Despite notice and an opportunity to appear, the petitioner has failed to respond to the Court's Order.

Under 28 U.S.C. § 2254(b) and (c), a claimant seeking habeas corpus relief in federal court is required to first exhaust his claims by presenting them for review before the courts of the state in which he is confined.  The exhaustion requirement is satisfied only when a petitioner's claims have been properly presented to the state's highest court, either on direct review or on post-

conviction attack. Bufalino v. Reno, 613 F.2d 568, 570 (5th Cir. 1980). See also Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).[1]

There is nothing in the petitioner's submissions or representations which suggests that he has proceeded to the Louisiana Supreme Court with any of the claims asserted in this application.[2] Accordingly, and in light of the petitioner's failure to respond to the Court's Order, the Court concludes that the petitioner has failed to exhaust available state court remedies as mandated by federal statute. Accordingly, the petitioner's proceeding must be dismissed, without prejudice, as a result of his apparent failure to exhaust available state court remedies pursuant to 28 U.S.C. § 2254.

RECOMMENDATION

It is the recommendation of the Magistrate Judge that the petitioner's application for habeas corpus relief be dismissed, without prejudice to later application upon exhaustion of state court remedies.

Signed in Baton Rouge, Louisiana, on April 7, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1] With regard to habeas petitions filed under 28 U.S.C. § 2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court. However, a substantial body of jurisprudential law requires that persons seeking relief pursuant to § 2241 first exhaust state court remedies before seeking federal intervention. See Dickerson v. Louisiana, 816 F.2d 220 (5th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987); Braden v. 30th Judicial district Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

[2] The State of Louisiana provides a remedy to pre-trial detainees who wish to contest the legality of their confinement. See La.C.Cr.P. arts. 351 et seq. The State of Louisiana also provides a statutory remedy for the asserted violation of a criminal defendant's right to a speedy trial. See La.C.Cr.P. art. 701. Further, through a motion to quash, pre-trial detainees may raise the issue of the timeliness of their prosecution. See La.C.Cr.P. arts. 531 et seq., and arts 571 et seq.